IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Leroy Staton, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>Warden Kershaw Correctional )<br>Institution, )<br>)<br>Respondents. )<br>_____ ) | C/A No. 8:11-745-TMC<br><br>**OPINION & ORDER** |

Petitioner, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2011, raising twenty-four (24) grounds for relief. (Dkt. # 1).[1] On June 3, 2011, Respondent filed a Motion for Summary Judgment. (Dkt. # 22). Because Petitioner is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 6, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. (Dkt. # 24). Petitioner thereafter timely filed a response in opposition to the summary judgment motion. (Dkt. # 33).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On November 18, 2011, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report")

---

[1] While there is no prison mailroom date stamp, the court notes that the petition is dated March 24, 2011, and the envelope containing the petition was postmarked March 25, 2011. Accordingly, as did the Magistrate Judge, the court will treat Petitioner's § 2254 Petition as having been filed on the date it was signed – March 24, 2011. *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

recommending that Respondent's Motion for Summary Judgement (Dkt. # 22) be granted and the Petition be denied. (Dkt. # 48). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 48 Attach.). Petitioner filed objections to the Magistrate Judge's Report on December 5, 2011. (Dkt. # 50).

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

Since Petitioner filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

> from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**Discussion**

The Magistrate Judge recommended Respondent's Motion for Summary judgment be granted finding the instant Petition time-barred pursuant to § 2244 (d)(1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

As noted above, petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In December 1996, Petitioner was indicted for murder, kidnapping, first degree criminal sexual conduct ("CSC"), and criminal conspiracy. After Petitioner was tried and convicted by a jury, he was sentenced on March 19, 1997, to life imprisonment for the murder, a consecutive sentence of thirty (30) years imprisonment for the CSC 1st, and a concurrent sentence of five (5) years for the criminal conspiracy.[2] Petitioner timely filed

---

[2] Petitioner was not sentenced on the kidnapping count pursuant to South Carolina statutory law.

4

a direct appeal.[3]  On November 8, 2001, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences. *State v. Staton*, Op. No. 2001-UP-00478 (S.C. Ct. App. filed Nov. 8, 2001).  Petitioner's petition for a rehearing was denied and on November 21, 2002, the South Carolina Supreme Court denied the petition for a writ of certiorari to the Court of Appeals. The Court of Appeals issued its Remittitur on November 25, 2002.

As Petitioner was entitled to the ninety (90) days to petition the United States Supreme Court for a writ of certiorari, Petitioner's conviction became final on February 23, 2003, and the AEDPA one-year statute of limitations began to run on February 24, 2003.[4]  When Petitioner filed his state PCR action on November 19, 2003, 268 days of the 365 days in which Petition had to file a federal habeas action had already lapsed. Thus, Petitioner had 97 days remaining within which to timely file a federal habeas petition.

The South Carolina Supreme Court issued its remittitur from the appeal from the

---

[3]While the case was on direct appeal, Petitioner filed a federal habeas petition alleging the following grounds: (1) Petitioner is actually innocent but he has been denied a fair direct appeal due to an excessive and unjustified delay by the state court to hear his appeal, and (2) the trial court lacked subject matter jurisdiction to try and convict Petitioner because police arrested him without probable cause or an arrest warrant. On March 25, 2002, United States District Judge Patrick Michael Duffy dismissed the action without prejudice.  C/A No. 2:01-2487-23.

[4]The time for seeking direct review of a state court conviction concludes when either the period for filing of a writ of certiorari in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). As Petitioner did not seek further review, his convictions became final upon the expiration of the 90–day period for seeking a writ of certiorari in the United States Supreme Court. *See* U.S. Sup.Ct. R. 13.1 (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); *see also Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d).

5

denial of the PCR action on April 8, 2009. Thus, the one-year statute of limitations began to run again on April 9, 2009, and Petitioner had 97 days, or until July 15, 2009, to file a federal habeas action.  As noted above, Petitioner filed this action on March 24, 2011, almost two years too late.

On March 18, 2010, Petitioner also filed a petition for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court.[5]   By then, however, the federal statute of limitations had expired and the pendency of the state habeas proceeding could not toll the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner argues that he is entitled to equitable tolling. "[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, the Fourth Circuit has held "rarely will circumstances warrant equitable tolling."  *Rouse*, 339 F.3d at 246.   Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

---

[5]The South Carolina Supreme Court denied the petition for a writ of habeas relief on April 21, 2010.

*Holland*, 130 S. Ct. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse*, 339 F.3d at 246 (holding that a petitioner is entitled to equitable tolling if he "presents (1) extraordinary circumstances, (2) beyond his own control or external to his own conduct, (3) that prevented him from filing on time."). The Fourth Circuit has held that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Similarly, courts have held that "unfamiliarity with the legal process, lack of representation, [and] illiteracy do[] not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004).

Here, Petitioner has not shown that he is entitled to the application of equitable tolling. In his response to the Respondent's Summary Judgement Motion, the Petitioner also argues that he is entitled to equitable tolling because he is actually innocent. Neither the United States Supreme Court nor the Fourth Circuit Court of Appeals has held that an actual innocence claim is sufficient to warrant equitable tolling.[6]  However, even under an actual innocence exception, the Petitioner's petition falls short of the necessary showing.  A petitioner must show reliable evidence of his innocence that was not, and could not have been, presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324-328 (1995).

In this case, Petitioner has offered his own assertions and the confession of a co-

---

[6] While "[t]he Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling[,] . . . other circuits have reasonably concluded that there is no such exception." *DiCaprio–Cuozzo v. Johnson*, 744 F.Supp.2d 548, 559 (E.D.Va.2010) (collecting cases that hold that no actual innocence exception to the statute of limitations exists).

conspirator, Ringo Pearson, to support his claim of actual innocence.[7] Petitioner contends that Pearson confessed on December 1, 1994, to killing the victim and then again on December 6, 2006, Pearson pled guilty and stated that Petitioner did not have anything to do with the murder. However, these assertions do not constitute the type of new evidence required by *Schlup*, or otherwise, to warrant equitable tolling. *See, e.g., Lee v. Lampert*, --- F.3d ----, 2011 WL 3275947 (9th Cir. 2011); *Flanders v. Graves*, 299 F.3d 974, 976–977 (8th Cir. 2002) (holding that an actual innocence claim would not equitably toll the period of limitation for filing a habeas petition absent a showing of "some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitation."). Petitioner's claim of actual innocence is based on evidence which was available to him at trial. *Flanders*, 299 F.3d at 978 (requiring a petitioner seeking equitable tolling on actual innocence grounds to show either that a state-created barrier prevented his timely discovery of relevant facts or that a "reasonably diligent petitioner" could not have discovered such facts in time to file within the limitations period). Because he has no new evidence with which to demonstrate his actual innocence, he cannot meet the extremely high burden required for a showing of actual innocence for the application fo equitable tolling, and thus equitable tolling is not warranted. *See Knecht v. Shannon*, 132 Fed. Appx. 407, 409 (3d Cir.2005). Accordingly, equitable

---

[7]Eleven defendants were charged with some offense in connection with the victim's kidnapping and death in this case. Petitioner was tried with five co-defendants. At the time of Petitioner's trial, Pearson, who would have been a co-defendant, was not competent to be tried. Pearson was later convicted of murder.

tolling should not be applied in this case. Based upon the foregoing, this habeas petition was not timely filed, and it is barred by the statute of limitations.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that Respondent's Summary Judgment Motion (Dkt. #22) is **GRANTED** and the Petition is **DISMISSED** without prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 6, 2012
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.